320 So.2d 267 (1975)
Mrs. Theresa GUIDRY, Plaintiff-Appellee,
v.
Emile A. CARMOUCHE, Defendant-Appellant.
No. 5080.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*269 Emile A. Carmouche, and Philip J. Chappuis, II, Crowley, for defendant-appellant.
Adam G. Nunez, Lake Charles, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Mrs. Theresa Guidry instituted this suit against Emile A. Carmouche to recover the sum of $2,882.20 which she alleges is due her under a compromise agreement entered into between the parties. She seeks, alternatively and in the event the compromise agreement is held to be invalid, to recover a larger sum alleged to be due by defendant under the original indebtedness.
The trial court rendered judgment in favor of plaintiff, awarding her $1,382.20 as the amount due under the compromise agreement. Defendant appealed. Plaintiff answered the appeal praying that the amount of the award be increased, or that the case be remanded for additional evidence. Plaintiff also demands damages for a frivolous appeal.
The principal issue presented involves an interpretation of the compromise agreement.
Defendant Carmouche, a practicing attorney, represented plaintiff in some legal matters prior to June, 1970. Shortly before the last mentioned date a dispute arose between the parties as to whether Carmouche was indebted to plaintiff, and if so, as to the amount of that indebtedness. Plaintiff engaged another attorney, the Honorable Daniel J. McGee, to represent her in connection with her claim against Carmouche, and after some negotiations, a compromise agreement was entered into between plaintiff and defendant which purported to settle their differences.
The compromise agreement was reduced to writing, it is dated June 11, 1970, and it was executed by the parties and by the attorney who represented plaintiff at that time. The agreement reads as follows:
"Mr. Emile Carmouche and I have discussed the Theresa Guidry Matter, and he proposes the following action at this time:
"Mr. Carmouche denies that to the extent of his knowledge he is indebted to Theresa Guidry in any amount whatsoever. He also acknowledges that during the representation of her there were certain documents upon which she claims she is due certain monies. In order to avoid any undue difficulty between himself and Mrs. Guidry, he is willing to and does today present to me his check to me for $1500.00 so that I can turn the check over to Theresa Guidry with the following understanding. The check is not to be considered an admission of any liability of any kind whatsoever, and his action in so doing, together with the following, is an effort on his part to avoid unpleasant litigation or any damage to either party. Theresa Guidry is claiming a balance due her of $2,882.20. Mr. Carmouche is to obtain further records and evidences concerning the transactions and representations between them as soon as conveniently possible and certainly within the next six months in an *270 effort to resolve the matter amicably and with full understanding of the situation. In the event that the records and other notations or evidences do not satisfy Mrs. Theresa Guidry and/or her attorney, then Mr. Carmouche will by the end of the six months nevertheless pay the balance of said claim, still not, however, in any way admitting liability therefor and only for the reasons stated above. The $1500.00 check is to be given to Theresa Guidry only on condition that she acknowledge in writing her understanding and concurrance in the foregoing and accepts the situation as presented herewith regarding future course of this problem.
"Mamou, Louisiana, this 11th day of June, 1970."
This suit was filed on February 17, 1972. Plaintiff alleges that the sum of $2,882.20 is still due on the compromise agreement. Defendant answered generally denying all material allegations in the petition, but he did not allege any affirmative defenses to plaintiff's demands.
At the trial of the case on the merits, plaintiff introduced the compromise agreement and the testimony of Mr. McGee, who originally had represented plaintiff in connection with this claim. Defendant conceded that the compromise agreement was valid, and the trial judge thereupon excluded evidence which plaintiff sought to introduce tending to show the amount of the original indebtedness or to support her alternate demand.
The trial judge concluded that the compromise agreement was valid. He interpreted that contract to mean, however, that the total amount claimed by Mrs. Guidry originally was $2,882.20, and that the payment of $1500.00 made by defendant should be applied to that indebtedness, leaving a balance due by Mr. Carmouche of only $1,382.20. He accordingly rendered judgment in favor of plaintiff and against defendant for that amount.
On this appeal defendant contends that the trial judge erred in awarding plaintiff any amount at all. He argues that the evidence does not show "whether or not the defendant has failed or declined to comply with the obligations he assumed under the compromise agreement." Defendant points out that although plaintiff has alleged non-compliance with the agreement, she did not offer or produce any evidence to prove that defendant has failed or declined to comply with his obligations thereunder.
Plaintiff's response to that argument is that the position taken by defendant here constitutes an affirmative defense which must be specially pleaded. See LSA-C.C. P. art. 1005. She contends that defendant cannot urge the special defense of extinguishment of the obligation on this appeal, since it was not specially pleaded in the trial court, and that the burden does not rest on plaintiff to negate payment or extinguishment of the obligation.
We agree with the trial court that the compromise agreement entered into between the parties is valid, and that defendant's liability to plaintiff, if any, must be determined from the provisions of that agreement.
In the agreement Carmouche obligated himself, in effect, to pay plaintiff a specified sum of money in the event he should fail to satisfy her or her attorney, within six months, as to the exact amount due. The obligation thus is subject to a suspensive condition. LSA-C.C. art. 2039, 2043. We interpret the stipulations contained in the record as constituting a judicial admission on the part of defendant that he has not produced records or other notations or evidence sufficient to show that he owes less than the amount stipulated in the agreement. The condition which might have relieved him of the obligation thus did not happen.
The issue, as we see it, therefore, is whether defendant owes plaintiff $2,882.20 under the terms of the agreement, or *271 whether he owes the difference between that amount and the $1,500.00 payment which was made, or a balance of $1,382.20.
We are unable to agree with the trial court that the payment made by Carmouche at the time the compromise agreement was entered into was intended to be applied as a credit on the $2,882.20 indebtedness, leaving a balance of $1,382.20. The agreement, after reciting that defendant was on that date paying $1,500.00 to Mrs. Guidry, then states "Theresa Guidry is claiming a balance due her of $2,882.20." We interpret that to mean, and we think the parties understood, that Mrs. Guidry was claiming at that time that $2,882.20 was still owed to her after the payment of $1,500.00 had been made. The compromise agreement then continues with the provision that in the event the records produced by Carmouche do not satisfy plaintiff or her attorney as to the amount of the indebtedness, "then Mr. Carmouche will by the end of the six months nevertheless pay the balance of said claim . . ." We think the parties intended that the term "balance of said claim," was intended to refer to the "balance due her of $2,882.20," as used in the agreement.
In view of our interpretation of the contract, we conclude that the trial court erred in awarding plaintiff $1,382.20, and that instead the award should have been for $2,882.20. The judgment must be amended to increase the award to the larger sum.
We turn now to plaintiff's claim that the appeal taken by defendant was frivolous, and that she is entitled to damages as a result of that frivolous appeal.
LSA-C.C.P. art. 2164 which authorizes the award of damages for a frivolous appeal, is penal in nature, and it must be strictly construed. Appeals are favored, and the imposition of penalties for frivolous appeal will not be granted unless they are clearly due, since the award of such penalties will tend to discourage appeals. Dupaquier v. City of New Orleans, 271 So.2d 78 (La.App. 4 Cir. 1972).
Damages for a frivolous appeal are usually not allowable unless it is manifest that the appeal was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates, even though the appeal is without serious merit. Motion Picture Advertising Corp. v. Smith, 207 So.2d 847 (La.App. 1 Cir. 1968); Bergeron v. Southern Farm Bureau Casualty Insurance Company, 169 So.2d 407 (La. App. 3 Cir. 1964).
We do not regard defendant's contentions in this case to be totally unjustified. A substantial legal question was presented, we think, as to whether plaintiff had the burden of proving that the condition provided in the compromise agreement had been met before defendant became obligated. For these reasons we reject plaintiff's demand for damages for a frivolous appeal.
For the reasons herein set out, the judgment appealed from is amended by increasing the award made to plaintiff from the sum of $1,382.20 to the sum of $2,882.20, together with legal interest thereon from date of judicial demand until paid, and for all costs of this suit. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Amended and affirmed.