DOMENGEAUX, Judge.
Plaintiff-appellee, Isaac T. Seale, filed suit against the Evangeline Parish Police Jury and Baton Rouge Contracting Company, Inc., to enforce specific provisions of a contract which had been executed between the plaintiff and the Police Jury. The contract in effect granted the jury a right of way over plaintiff’s lands, all in connection with a drainage improvement project of the Durald-Des Cannes Watershed. The contracting company performed the work for the Jury. Judgment was rendered against the Police Jury ordering specific performance — in essence to level the spoil bank on plaintiff’s property to twenty feet so as to form a roadway. Baton Rouge Contracting Company, Inc. was dismissed from the suit. The judgment assessed all costs of the proceedings against the Police Jury.
Subsequently counsel for the Police Jury filed a “Rule to Amend Judgment” so as to relieve it from any costs except those specifically allowed under LSA-R.S. 13:4521. The motion was denied. After the denial, plaintiff appealed suspensively. Seale and the contracting company have answered the appeal seeking damages for frivolous appeal.
The Police Jury has abandoned its appeal insofar as the merits are concerned, limiting it to the issue of it’s being assessed with all costs in the face of LSA-R.S. 13:4521. The other issue presented is whether or not the appeal is frivolous.
COURT COSTS
LSA-R.S. 13:4521 provides:
“§ 4521. State and its subdivisions, boards and commissions not required to pay court costs
Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial .proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers’ costs for taking testimony.”
Appellees suggest that it was within the discretion of the trial court to assess all costs against the Police Jury by virtue of LSA-C.C.P. 1920 which reads:

“Art. 1970. Costs; parties liable; procedure for taxing

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”
We find no merit to that argument. LSA-R.S. 13 ¡4521 is clear and needs no refinement. The cases interpreting this statute are legion and hold, inter alia, that the state’s subdivisions shall not be required to pay Court costs other than the stenographers’ costs for taking testimony. See for example Harelson v. Parish of East Baton Rouge, 272 So.2d 382 (La.App. 1st Cir. 1972); Corbello v. Jefferson Davis Parish Police Jury, 262 So.2d 151 (La.App. 3rd Cir. 1972).
The trial court therefore erred in taxing the Police Jury for all costs of court, and its edict in that regard must be amended to coincide with LSA-R.S. 13:4521.
FRIVOLOUS APPEAL
The main thrust of appellee’s demand for damages for frivolous appeal is cush *380 ioned in the proposition that the Police Jury appealed the entirety of the District Court judgment and now abandons all phases of the appeal excepting that concerned with costs, thereby causing appel-lees to unnecessarily incur additional attorney fees in connection with the appeal.
LSA-C.C.P. 2164 which authorizes the award of damages for a frivolous appeal, is penal in nature, and it must be strictly construed. Appeals are favored, and the imposition of penalties for frivolous appeals will not be granted unless they are clearly due, since the award of such penalties will tend to discourage appeals. Guidry v. Carmouche, 320 So.2d 267 (La.App. 3rd Cir. 1975).
The Police Jury’s appeal was general. It necessarily included the improper assessment of costs against it. Its motion to have the judgment amended so as to conform to the provisions of LSA-R.S. 13:4521 was denied by the district judge. Its only avenue for relief in this regard was through the appellate process. It cannot be said that its appellate action is frivolous, and we therefore reject appellee’s demand for damages for a frivolous appeal.
For the above and foregoing reasons, it is ordered that the judgment of the District Court be and the same is hereby amended so as to relieve the Evangeline Parish Police Jury from all court costs except the stenographers’ costs for taking testimony. The judgment is otherwise affirmed.[1]
Costs of this appeal are assessed to ap-pellees Seale and Baton Rouge Contracting Company, Inc., in equal portions.
■ AFFIRMED, AS AMENDED.

. At argument on appeal, counsel for plaintiff, Seale, candidly anticipating that we might amend the trial court’s assessment of all costs to the Police Jury, expressed some apprehension that difficulty might be encountered by plaintiff in securing reimbursement of the court costs which plaintiff advanced in the trial court. Of course that matter is not before us. We say, however, that our decision herein amending the judgment on the question of costs is not to be construed as assessing any trial court costs against plaintiff Seale.