398 So.2d 548 (1979)
A. Douglas SALMON, III, d/b/a Doug Salmon Company
v.
James E. HODGES.
No. 12947.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
James F. Abadie, Michael A. Patterson, Baton Rouge, for plaintiff-appellee A. Douglas Salmon, III d/b/a Doug Salmon Co.
A. L. Carbonette, Baton Rouge, for defendant-appellant James E. Hodges.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is an appeal by the defendant, James E. Hodges, from a judgment of the district court in favor of the plaintiff, A. Douglas Salmon, III, d/b/a Doug Salmon Company, in the amount of $17,400.00 as real estate commission. We affirm.
The record shows that Hodges entered in a purchase-sale agreement on December 2, 1977, with George W. Brown, representing the owners. The tenor of the agreement was that Hodges agreed to buy, and the *549 owners agreed to sell, certain real estate situated in East Baton Rouge Parish, Louisiana, the said property having been previously listed with Salmon, the plaintiff, under an exclusive listing agreement with the owners on June 1, 1977. The sale price agreed upon was $290,000.00.
In the agreement, Hodges agreed to pay the real estate agent's commission (6%) if he, the prospective purchaser, failed to perform under the agreement. The payment of the commission was to be paid at the act of sale and was the primary obligation of the seller. The agreement was not complete in itself, but referred to the attached option for its terms. The option was in favor of E. C. Shafer, effective November 2, 1977. The option was then assigned by Shafer to Salmon, who then assigned it to Hodges, who exercised the option by executing the purchase-sale agreement. Several extensions of time were granted to Hodges; but, on March 15, 1978, the owners refused to grant a further extension. The prospective purchaser was unable to make the necessary loan within the extended time, so the sale did not take place.
The applicable law is that a real estate agent earns a commission if he procures a purchaser who is ready, willing and able to purchase the property on the vendor's terms, even if the sale is not consummated. Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972); Joiner v. Lockart, 350 So.2d 199 (La.App. 3 Cir. 1977), writ denied, 352 So.2d 240 (La.1977).
The record reflects that Salmon procured a ready, willing and able purchaser as far as the agreement reads. The prospective purchaser did not stipulate that the sale was contingent upon his making a satisfactory loan commitment. The terms under the agreement were that the sale was for the purchase price in cash. Despite several extensions of time, the prospective purchaser was unable to fulfill his obligations under the purchase-sale agreement and has breached the contract. Consequently, under the terms of the agreement Hodges has failed to perform and has obligated himself to pay the real estate's commission.
Appellee's demand for penalties for a frivolous appeal is denied.
The statute which authorizes damages for frivolous appeals is penal in nature and must be strictly construed. Since appeals are favored, such penalties should not be granted unless they are clearly due; e. g.: when there are no serious legal questions, when it is manifest that the appeal is taken solely for the purpose of delay, when it is evident that appellant's counsel is not serious in advocating the view of law which he presents. C.C.P. art. 2164; Guidry v. Carmouche, 320 So.2d 267 (La.App. 3 Cir. 1975); Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1 Cir. 1977); Hebert v. Knoll, 370 So.2d 151 (La. App. 3 Cir. 1979).
We, thus, agree with the holding of the district court, and affirm the judgment at the appellant's costs.
AFFIRMED.