STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**16-990**


CATHERINE COBB

VERSUS

LAFAYETTE PARISH SCHOOL BOARD


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 0103123
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Van H. Kyzar, and David E. Chatelain[1], Judges.

**Chatelain, J., concurs in the result and assigns reasons.**


**REVERSED IN PART; AFFIRMED IN PART AS AMENDED.**

---

[1] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Michael B. Miller**
**Attorney at Law**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Catherine Cobb**

**L. Lane Roy**
**Brown Sims**
**600 Jefferson St., Suite 800**
**Lafayette, LA 70501**
**(337) 484-1240**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette Parish School Board**

**Catherine M. Landry**
**Mandy Simon**
**Preis PLC**
**102 Versailles Boulevard, Suite 400**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette Parish School Board**

**SAVOIE, Judge.**

In this workers' compensation matter, the employer appeals an award of penalties and attorney fees in favor of the claimant for failing to pay claimant's medical bills. For the reasons that follow, we reverse in part, and affirm in part as amended.

## Procedural and Factual Background

On May 8, 2001, Catherine Cobb filed a disputed claim for compensation alleging she was injured in September 2000, during the course and scope of her employment with the Lafayette Parish School Board (LPSB). On July 20, 2005, the parties stipulated that Ms. Cobb was entitled to temporary total disability benefits. LPSB then terminated these benefits on August 30, 2006. However, it did not file a motion seeking to modify Ms. Cobb's benefits until May 30, 2008.

On August 31, 2009, the Office of Workers' Compensation (OWC) rendered judgment in favor of Ms. Cobb, awarding indemnity benefits in the amount of $195.25 payable from September 12, 2000 through May 30, 2008, as well as $3,000.00 in penalties, which was 24% of unpaid benefits from August 31, 2006 through May 30, 2008. Ms. Cobb was also awarded $10,000.00 in attorney fees, $1,135.53 in costs, and legal interest. No other benefits were awarded.

Ms. Cobb appealed the August 31, 2009 judgment to the extent it failed to award her with any other benefits, and LPSB appealed the award of penalties and attorney fees. The August 31, 2009 judgment was affirmed in all respects by this court on November 3, 2010. *Cobb v. Lafayette Parish School Bd.*, 10-430 (La.App. 3 Cir. 11/3/10), 49 So.3d 597, *writ denied*, 10-2692 (La. 1/28/11), 56 So.3d 958.

On July 7, 2010, Ms. Cobb filed a motion seeking additional penalties and attorney fees for LPSB's failure to pay the August 31, 2009 judgment. The

workers' compensation judge granted Ms. Cobb's motion and awarded her $3,000 in penalties and $2,500 in attorney fees pursuant to a judgment dated March 27, 2012.

Ms. Cobb filed another motion seeking penalties and attorney fees on October 12, 2012, alleging LPSB failed to pay the March 27, 2012 judgment. She then filed an amended motion on December 14, 2012, additionally alleging that LPSB failed to pay certain medical bills incurred by Ms. Cobb, and therefore, that she was entitled to penalties and attorney fees. Ms. Cobb did not seek payment of those bills from LPSB.

The bills at issue include $4,999 for services rendered by Michael Berard, Ph.D. from October 17, 2005, through February 14, 2008; $4,730 for services rendered by Michael Berard, Ph.D. from March 2008 through August 2010; three separate bills totaling $80 each for services rendered by Dr. Pervez Mussarat on December 1, 2009, February 24, 2010, and June 15, 2010; and receipts for medication prescribed by Dr. Mussarat that Ms. Cobb purchased from CVS pharmacy from January 2010 through July 2010.

A hearing was held on June 28, 2013. On April 23, 2015, the OWC rendered judgment granting Ms. Cobb's motions and awarding her $3,000 in penalties in accordance with La.R.S. 23:1201(G) for LPSB's failure to pay the 2012 judgment, $6,000 in penalties in accordance with La.R.S. 23:1201(F) for LPSB's failure to pay medical bills, $5,000 in attorney fees, together with costs and legal interest.

LPSB filed a motion for new trial on May 4, 2015, asserting for the first time that Ms. Cobb's claims for penalties and attorney fees with respect to the unpaid medical bills were barred by *res judicata*, given the finality of the August 31, 2009

2

judgment. A hearing was held on June 9, 2015. Judgment was rendered on June 8, 2016, denying LPSB's motion. LPSB has appealed. In addition, Ms. Cobb has submitted a motion to this court to remove evidence from the record before us.

## Ms. Cobb's Motion to Remove Evidence

Ms. Cobb seeks to remove from the record documentation attached as Exhibits 1 and 2 to LPSB's post-hearing memorandum in support of its motion for new trial, arguing that no evidence was offered or accepted during the hearing on LPSB's motion. Specifically, LPSB attached as Exhibit 1 the OWC's August 31, 2009 judgment and reasons for judgment, and it attached as Exhibit 2 an unsigned copy of Ms. Cobb's appellant brief to this court in connection with her appeal of the August 2009 judgment.

"Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Therefore, we do not consider the content of Exhibit 2 on appeal, and Ms. Cobb's motion is granted in that regard. However, we note that Exhibit 1 was merely a copy of the workers' compensation judge's prior judgment and written reasons rendered in connection with the instant matter, and therefore, it is already in the workers' compensation court's record. Thus, we deny Ms. Cobb's motion as to Exhibit 1.

## LPSB's Appeal

On appeal, LPSB contends that the workers' compensation judge erred in awarding penalties and attorney fees for its failure to pay Ms. Cobb's medical bills at issue. It argues that Ms. Cobb failed to present sufficient evidence, that concepts

of *res judicata* and the law of case doctrine barred Ms. Cobb's claims, and that it was justified in not paying the bills at issue. In addition, LPSB asserts that the trial court erred in not granting its motion for new trial. LPSB does not appeal the award of penalties and attorney fees in connection with its failure to pay the prior judgment; therefore, we do not address the propriety of that portion of the judgment.

"The determination of whether an employer should be cast with penalties and attorney fees is a question of fact which should not be reversed absent manifest error." *Sigler v. Rand*, 04-1138, pp. 10-11 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, 196, *writ denied*, 05-278 (La. 4/1/05), 897 So.2d 611.

Ms. Cobb's claim for penalties and attorney fees related to LPSB's failure to pay the medical bills at issue is necessarily dependent upon a finding that Ms. Cobb was entitled to payment of medical benefits resulting from the September 2000 accident.

> In order to establish a claim for medical benefits, a claimant must show that the benefit is occasioned by the work-related accident to a reasonable certainty and by a preponderance of the evidence. Additionally, a claimant must prove, also by a preponderance of the evidence, that a particular medical expense is necessary.

*Alleman v. Fruit of the Loom-Crowley*, 96-1246, pp. 5-6 (La.App. 3 Cir. 3/5/97), 692 So.2d 485, 488 (citations omitted).

At trial, invoices from Dr. Berard and Dr. Mussarat, showing only the dates of services rendered and the costs of services, were submitted into evidence. Receipts from CVS pharmacy showing medication purchased by Ms. Cobb and the costs of those purchases were also submitted into evidence. In addition, Ms. Cobb testified that she was treated by Dr. Berard and Dr. Mussarat on the dates appearing on the invoices, and that Dr. Mussarat, who prescribed her the

medication obtained from CVS pharmacy, was a neurologist. There was no evidence whatsoever establishing the nature of the treatment received by Ms. Cobb, that the treatment or prescriptions were necessitated by any injuries Ms. Cobb allegedly sustained in the September 2000 accident, or that the particular medical expenses were necessary. The fact that she may have incurred these bills is insufficient to establish her entitlement to benefits, without showing some connection between the bills and services received with the injuries related to the workers' compensation claim. Therefore, the OWC was manifestly erroneous in concluding that Ms. Cobb was entitled to penalties and attorney fees due to LPSB's failure to pay the medical bills at issue. We reverse the award of $6,000 in penalties for failure to pay the medical bills at issue, and the attorney fees awarded in this matter are reduced to $2,500 so as to eliminate attorney fees incurred in connection with Ms. Cobb's claims concerning the medical bills at issue.

Because we find that the evidence was insufficient to award penalties and attorney fees for LPSB's failure to pay the medical bills at issue, we pretermit the issues of whether Ms. Cobb's claims were barred by *res judicata*, and whether the workers' compensation judge's denial of LPSB's motion for new trial asserting *res judicata* was an abuse of discretion.

## CONCLUSION

We grant in part Ms. Cobb's Motion to Remove Evidence with respect to Exhibit 2 attached to LPSB's memorandum in support of its motion for new trial. Otherwise, Ms. Cobb's motion is denied.

We further reverse the award of $6,000 in penalties for failing to pay the medical bills at issue, and reduce the attorney fee award to $2,500. Costs of this appeal are assessed to Appellee, Catherine Cobb.

**REVERSED IN PART; AFFIRMED IN PART AS AMENDED.**