# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-655


**JAMES CRAWFORD BAILEY**

**VERSUS**

**VEOLIA ENVIRONMENTAL SERVICES**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 03
PARISH OF CALCASIEU, NO. 16-01727
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**


**Maurice Blake Monrose**
**Hurlburt, Monrose & Ernest**
**P. O. Drawer 4407**
**Lafayette, LA 70502**
**Telephone:  (337) 237-0261**
**COUNSEL FOR:**
     **Defendant/Appellee - Veolia Environmental Services**

**George Arthur Flournoy**
**Flournoy Law Firm**
**P. O. Box 1270**
**Alexandria, LA 71309**
**Telephone:  (318) 487-9858**
**COUNSEL FOR:**
     **Plaintiff/Appellant - James Crawford Bailey**

**THIBODEAUX, Chief Judge.**

Plaintiff James Crawford Bailey appeals a judgment in favor of Defendant, Veolia Environmental Services (hereafter "Veolia"), finding that Mr. Bailey failed to prove untimely payment of pharmacy bills and prescription medications for his workers' compensation claim. Mr. Bailey appeals the trial court's denial of penalties and attorney fees. Mr. Bailey also alleges that the Workers' Compensation Judge (WCJ) erred by injecting the issue of medical necessity for medical expenses post-trial. Veolia asserts that Mr. Bailey failed to prove medical necessity and that the WCJ erred in denying Veolia's objection that the documents were unreliable hearsay. Veolia requests frivolous appeal damages. We affirm the trial court's judgment in favor of Veolia, and we deny damages for a frivolous appeal.

I.

## ISSUES

This court must determine whether the WCJ erred in her determination that the employee failed to prove untimely payments of prescription medication. If we find that the WCJ was clearly wrong in her determination that the employee failed to establish untimely payment of prescription medication, we must determine whether the WCJ erred in her denial of penalties and attorney fees. Additionally, we must determine whether the employer is entitled to frivolous appeal damages as requested by the employer.

## II.

## <u>FACTS AND PROCEDURAL HISTORY</u>

Mr. Bailey is alleged to have sustained a severe spinal injury on August 5, 2010, while employed by Veolia. Mr. Bailey filed a disputed claim for compensation on March 1, 2016, alleging nonpayment or untimely payment of medical expenses, penalties and attorney fees, legal interest and court costs. Veolia filed exceptions of prematurity, no cause of action, res judicata, and vagueness. Veolia filed an answer to Mr. Bailey's petition, specifically denying the allegations for lack of specific information. Trial was set for March 2, 2017, with untimely payment for medication, penalties, and attorney fees to be litigated at trial. No facts were stipulated to by Veolia prior to trial in its pre-trial statement, nor did it stipulate to any facts at trial. Mr. Bailey's pre-trial statement was submitted on March 13, 2017, after trial. However, Veolia did not object to evidence regarding entitlement. In Paragraph 2 of Veolia's pre-trial statement, Defense counsel agreed to the characterization of the issue as one of untimely payments. At trial, Mr. Bailey did not appear and his counsel did not call any witnesses.

Veolia argued in a post-trial brief that Mr. Bailey did not offer evidence nor did he offer testimony to establish: (1) an employment relationship; (2) an accident while on the job; (3) that the employee sustained an injury while in the course and scope of employment; or (4) the medical necessity of treatment from an injury sustained during the course and scope of employment. In the post-trial brief, Veolia further asserted that under La.R.S. 23:1204, Veolia's payment of medical expenses did not constitute an admission of liability and that Mr. Bailey is still required to prove untimeliness of payments. Plaintiff's counsel wrote that he

2

advised Veolia that all medical expenses should be reimbursed in accordance with La.R.S. 23:1201(A), and this was court-mandated. However, Veolia notes that the statute is inapplicable and there was no court mandate to Veolia's knowledge. Mr. Bailey contends in a reply brief that Veolia did not dispute the receipt of the demand for payment, nor did Veolia dispute the dates of untimely payments included in Mr. Bailey's exhibits.

Mr. Bailey's exhibits, labeled "P-1" and "P-2," include the affidavit of Darla Corley, a pharmacist employed by Professional Pharmacy, and an initial demand letter dated October 26, 2010. Exhibits "P-3" to "P-9" are demand letters with dates of service from Professional Pharmacy, spanning from June 1, 2015 to March 8, 2016. The exhibits are receipts which include handwritten notations regarding the payment dates, documenting whether the payment was made timely or untimely. However, no witnesses or secondary forms of documentation were included to verify or support these handwritten notations asserting the timeliness or untimeliness of the payments. Veolia did not stipulate to these dates at trial. Accordingly, the WCJ found that Mr. Bailey's exhibits did not sufficiently establish that Veolia made untimely payments of Mr. Bailey's prescription medication.

At trial, Veolia objected to all of Mr. Bailey's exhibits as hearsay because there were no witnesses present to identify the exhibits. Additionally, Veolia objected to Exhibit "P-10," a patient profile, and Exhibit "P-11," an affidavit faxed from Plaintiff's counsel to Defense counsel because Plaintiff's counsel did not send the pre-trial exhibits until twenty hours prior to trial. The WCJ overruled Veolia's objections to Exhibits "P-2" to "P-9," noting that, even though the evidence "may be hearsay [], hearsay is acceptable . . . . Although [the

3

court] may not be able to rely on those documents, they are admissible." The WCJ sustained the objections to Exhibits "P-10" and "P-11" because Veolia did not have copies of those exhibits. Veolia moved to dismiss the case, noting that third circuit cases establish that the claimant must prove the demand was received and no evidence showed that the demands were received.

After review of the post-trial briefs, the WCJ entered a judgment in favor of Veolia, finding that Mr. Bailey failed to prove untimely payments of prescription medication. The WCJ also denied Mr. Bailey's request for penalties and attorney fees. As an aside, the WCJ mentioned that the claimant offered little evidence of medical necessity of prescription medication, such as the claimant's own testimony.

III.

## STANDARDS OF REVIEW

"The hearing officer's determination of whether a claimant is entitled to medical expenses is a factual question; thus, an appellant court cannot set aside this factual finding unless it is clearly wrong or manifestly erroneous." *Fritz v. Home Furniture-Lafayette*, 95-1705, p. 7 (La.App. 3 Cir. 7/24/96), 677 So.2d 1132, 1136 (citations omitted). Whether an employee "has discharged her burden of proof [is a] factual determination [] which we may not disturb on review unless they are clearly wrong." *Wyble v. Acadiana Preparatory School*, 07-91, p. 4 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, 725, *writ denied*, 07-1178 (La. 9/14/07), 963 So.2d 1004 (citing *Bruno v. Harbert Int'l Inc.*, 593 So.2d 357 (La.1992)). Further, a reviewing court "must apply a manifest error standard of review" if the

4

"court finds incompetent evidence in the record." *Chaisson v. Cajun Bag & Supply Co.*, 97-1225, pp. 13-14 (La. 3/4/98), 708 So.2d 375, 383.

Penalties and attorney fees in workers' compensation cases are subject to the manifest error standard of review. *Sinegal v. Lafayette Parish Sheriff's Office*, 13-1437, (La.App. 3 Cir. 5/7/14), 139 So.3d 630.

IV.

## LAW AND DISCUSSION

First, we must address whether the WCJ erred in her determination that Mr. Bailey failed to prove untimely payments of prescription medication. Mr. Bailey asserts that Veolia made multiple untimely payments for Mr. Bailey's prescription medication. Mr. Bailey argues that Veolia never denied receipt of the demand letters, labeled Exhibits "P-3" to "P-9," and never disputed the untimely payments after demand of "P-4," "P-6," and "P-8." Veolia contends that Mr. Bailey did not prove untimeliness of payment of prescription medication because Mr. Bailey only provided a list of prescription medication receipts with handwritten notation that the payments were untimely. Veolia contends that Mr. Bailey did not provide any more information than a list of prescription medication bills and alleged that the medical benefits were not paid timely. Veolia cites to *Cobb v. Lafayette Parish School Board*, 16-990, (La.App. 3 Cir. 5/17/17), 220 So.3d 825, *writ denied*, 17-1481 (La. 11/13/17), 230 So.3d 209.

Louisiana Revised Statutes 23:1201(E)(1) states:

> Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer received written notice thereof, if the provider of medical services is not utilizing the electronic billing rules and regulations provided in R.S. 23:1203.2.

5

A "demand for work[ers'] compensation is required to be in no particular form, as long as it informs the insurer that the insured asserts a claim for compensation under the policy." *Lucas v. Insurance Co. of North America*, 342 So.2d 591, 598 (La.1977). In *Lucas*, the Louisiana Supreme Court reversed the judgment of the third circuit and reinstated medical expenses, and penalties and attorney fees, finding that letters sent by the employee's attorney "constituted a demand for the payment of compensation." *Id.* at 598. This court found that the demand was "received more than sixty days prior to suit and satisfied the statutory time schedule." *Id.* at 598.

In *Cobb*, this court held that the trial court was manifestly erroneous in awarding penalties to the plaintiff, finding that the evidence provided by the plaintiff was insufficient to establish entitlement to medical benefits. *Id.* at 829. There, the plaintiff submitted invoices from physicians with dates of services, and receipts from CVS Pharmacy for prescription medication purchases. *Id.* at 827. Accordingly, we reversed the trial court's judgment, finding the receipts and invoices were not enough to meet the plaintiff's burden of proof. *Id.* at 828. We noted that the plaintiff's "claim for penalties and attorney fees related to [the defendant's] failure to pay the medical bills at issue [was] necessarily dependent upon a finding that [the plaintiff] was entitled to payment of medical benefits resulting from the [] accident." *Id.* at 828. The plaintiff failed to establish "the nature of the treatment received" [and] . . . "that the treatment or prescriptions were necessitated by any injuries . . . or that the particular medical expenses were necessary." *Id.*

Like the plaintiff in *Cobb*, Mr. Bailey only submitted receipts for prescription medication and did not testify at trial. Plaintiff's counsel wrote on the

6

receipts that the payments were made untimely but provided no corroborating testimony to prove payments were not made timely.

Further, Mr. Bailey asserts that Veolia offered no evidence that the prescription medications were not medically necessary because it was not an issue at trial and that Veolia paid for the prescription medication, proving entitlement. Mr. Bailey contends that any payments made by Veolia for prescription medication should be evidence of Veolia admitting it owed benefits. Veolia notes that there is no judgment finding that Veolia is liable for Mr. Bailey's worker's compensation benefits. Further, Veolia contends that any payments made for Mr. Bailey by Veolia do not serve as an admission of liability, despite Mr. Bailey's assertion that voluntary payments made by the employer without objection establish an admission of liability. We agree with Veolia that an employer's voluntary payment does not qualify as an admission of liability.

Under La.R.S. 23:1203(A), the employer must provide necessary medical treatment. However, payment of medical benefits is not admission of liability by the employer under La.R.S. 23:1204. Veolia acknowledges that it voluntarily made payments but that those payments were not made as an admission of liability.

Louisiana Revised Statutes 23:1203(A) provides:

> . . .[T]he employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal . . . [.]

Louisiana Revised Statutes 23:1204 states:

> Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability of compensation under this Chapter.

The record is clear that the only issue was untimely payment as characterized in Paragraph 2 of the Defendant's pre-trial statement, even though Defendant did not stipulate to any facts. The trial court was not clearly wrong that the claimant failed to prove by a preponderance of evidence that the prescription payments were untimely.

Mr. Bailey further alleges that the triable issues were limited to untimely payments of prescription medication, penalties and attorney fees and that the WCJ injected the issue of medical necessity at trial. In order to be entitled to medical benefits, it is presupposed that the claimant would need to show medical necessity and some connexity between the injury and the need for the medical benefit.

Veolia asserts that Mr. Bailey did not provide any evidence that he sought medical treatment as a result of the accident. Additionally, Veolia notes that no testimony was provided that Mr. Bailey was treated by Dr. Katz and/or was prescribed medication causally related to the accident. Veolia also argues that to be entitled to medical benefits, it is incumbent to prove a work-related injury. Veolia again cites *Cobb*, 220 So.3d 823, in which the plaintiff failed to show the nature of her medical treatment or necessity of treatment resulting from any injuries sustained during a work-related accident.

In *Fritz*, 677 So.2d 1132, 1136, this court held that the plaintiff "failed to meet his burden of proof regarding the necessity of the medical expenses" because the medical testimony provided was in conflict. We noted that in workers' compensation cases, "a claimant's medical expenses are compensable only if they are occasioned by a work-related injury." *Id.* "[T]he burden of establishing the disability and the causal relation with the employment accident by a preponderance

8

of evidence" is on the employee. *Lucas*, 342 So.2d 591, 599 (Sanders, C.J., concurring in part, dissenting in part) (citing *Prim v. City of Shreveport, La*., 297 So.2d 421 (1974)). "Costs of medically necessary diagnostic tests recommended by the treating physician are recoverable when needed to determine the proper treatment for the patient, and the burden rests on the plaintiff to prove by a preponderance of the evidence that the required tests are necessary." *Id*. (quoting *Harris v. Langston Co., Inc.* 94-1266 (La.App. 3 Cir. 4/5/95), 653 So.2d 789,796, *writ denied*, 95-1178 (La. 6/23/95), 656 So.2d 1020). The plaintiff was the only witness to testify at the hearing and his physician determined that the plaintiff had "reached 'maximum medical recovery'" and was "unable to 'determine a cause'" of the plaintiff's complaints. *Id.* at 1136.

In *Fritz*, Judge Saunders dissented in part, finding that the plaintiff did show objective symptoms of an injury. Judge Saunders further noted that "[a] workers' compensation claimant is not entitled to medical benefits if there is no objective evidence of an injury for which she is seeking the benefits." *Fritz*, 677 So.2d at 1137 (Saunders, J., dissenting) (citing *Fusilier v. Slick Constr. Co.,* 94-11 (La.App. 3 Cir. 6/1/94), 640 So.2d 788); *see also Alleman v. Fruit of the Loom-Crowley*, 96-1246, p. 8 (La.App. 3 Cir. 3/5/97), 692 So.2d 485, 489 (upholding the WCJ's determination that the claimant failed to establish a causal connection for the injury and failed to prove entitlement to additional benefits because "the hearing officer could conclude that the physicians did not have the information necessary to accurately relate the injuries to the work-related accident . . . ".).

Although Mr. Bailey asserts that the WCJ injected medical necessity into the case post-trial, we do not find that medical necessity was at issue at trial. Mr. Bailey asserts that medical necessity was a critical issue in the WCJ's oral

9

reasons for judgment. The WCJ mentioned medical necessity as a mere parenthetical aside, noting that Mr. Bailey offered little evidence regarding medical necessity and did not even testify. The record does not reflect that medical necessity was a primary reason for the WCJ's judgment. The record is devoid of any evidence that proves medical necessity by a preponderance of evidence. Notably, Mr. Bailey did not even testify to the causal connection of the injury and the need for the prescription medication at issue.

On appeal, Veolia alleges error in the denial of its hearsay objections regarding the exhibits. We do not address this issue because Defense counsel's answer focuses only on damages for frivolous appeal. Therefore, we cannot address this issue.

Next, we must address whether the WCJ properly denied Mr. Bailey's request for penalties and attorney fees. Mr. Bailey requests $3,200 in penalties for three untimely payments of prescription medication. The penalty of $3,200 results from the breakdown of $800 for a late payment of sixteen days, $400 for a late payment of eight days, and $2,000 for a late payment of fifty-nine days. Moreover, Mr. Bailey requests $8,500 in attorney fees because the case has lasted two years, alleging the duration of the suit is because of Defendant's "unreasonable arbitrariness and recalcitrance." Mr. Bailey cites *McCarroll v. Airport Shuttle, Inc.*, 00-1123, (La. 11/28/00), 773 So.2d 694, for the proposition that an attorney should be compensated for all the work from the inception of the case. Plaintiff's counsel also suggests that penalties and attorney fees would "deter future egregious misconduct by this defendant." Plaintiff's counsel notes that he has spent over two years on this case, traveling to and from Lake Charles.

10

Veolia argues that Mr. Bailey failed to carry his burden of proof to recover penalties and attorney fees because the claimant must first prove medical benefits are owed. Veolia posits that this court need not reach the issue of penalties and attorney fees because Mr. Bailey failed to prove untimeliness of payment in the first place. Veolia asserts that an employee must first prove entitlement to a medical benefit before penalties and attorney fees can be awarded for the untimely payment of the alleged medical benefit. We agree.

Louisiana Revised Statutes 23:1201(F) provides that:

> . . . [F]ailure to provide payment in accordance with this Section . . . shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid together with reasonable attorney fees for each disputed claim.

Because we hold that the WCJ did not err in finding that Mr. Bailey failed to establish untimely payments, the issue of penalties and attorney fees is moot.

Additionally, Veolia requests frivolous appeal damages. Veolia alleges that Plaintiff's counsel asserts no serious legal question and failed to put forth any evidence at trial for entitlement to a medical benefit or to establish untimely payment of prescription medication. Veolia notes that Plaintiff's counsel did not call Mr. Bailey to testify, did not call any other witnesses, and provided no medical evidence at trial. Therefore, Veolia requests frivolous appeal damages, arguing that Plaintiff's counsel did not prove any elements of the case. Veolia asserts that Plaintiff's counsel does not believe in the position that he advocates and provides no legitimate argument. Veolia requests frivolous appeal damages

11

including a minimum of $2,500 in legal fees and all costs associated on appeal and proceedings in the Office of Workers' Compensation.

Under La.Code Civ.P. art. 2164:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Frivolous appeal damages are "penal in nature" and "must be strictly construed." *Salmon v. Hodges*, 398 So.2d 548, 549 (La.App. 1 Cir. 1979). "Appeals are favored, and the imposition of penalties for frivolous appeal will not be granted unless they are clearly due, since the award of such penalties will tend to discourage appeals." *Guidry v. Carmouche*, 320 So.2d 267, 271 (La.App. 3 Cir. 1975) (citing *Dupaquier v. City of New Orleans*, 271 So.2d 78 (La.App. 4 Cir. 1972)). In *Guidry*, 320 So.2d 267, this court denied the plaintiff's request for frivolous appeal damages finding that the defendant had presented a "substantial legal question." *Id.* at 271. In *Seale v. Evangeline Parish Police Jury*, 330 So.2d 378, 380 (La.App. 3 Cir. 1976), this court found that frivolous appeal damages were not warranted because the appellate process provided the "only avenue for relief."

Both parties agreed that the only issue was whether payments for prescription medication were untimely. This was not a trial on the merits on issues of entitlement to indemnity and other related benefits. Thus, Mr. Bailey felt his proof need not be fully expansive, and he thus limited his evidence—to his prejudice.

Here, Mr. Bailey's only avenue for relief is through the appellate process.  Furthermore, we do not seek to discourage appeals.  Therefore, we deny Veolia's request for frivolous appeal damages.

## V.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the trial court's judgment in favor of Veolia Environmental Services, and we deny Veolia's request for damages for a frivolous appeal.  All costs are assessed to the Appellant.

**AFFIRMED.**