NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-51 consolidated with CA 20-52, CA 20-54

LAFAYETTE CONSOLIDATED GOVERNMENT

VERSUS

RMD HOLDINGS, LTD., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20162768
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and D. Kent Savoie, Judges.

AFFIRMED.

Michael D. Hebert
Katherine E. Currie
Becker & Hebert, LLC
201 Rue Beauregard
Lafayette, LA 70508
(337) 233-1987

**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lafayette Consolidated Government**

**W. Brett Mason**
**Walter F. Metzinger, III**
**Stone Pigman Walthier Wittmann L.L.C.**
**301 Main Street, Suite 150**
**Baton Rouge, LA 70825**
**(225) 490-5800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Angelle Concrete Group, LLC**

**Alison C. Bondurant**
**Brittany J. Walker**
**Daigle Fisse & Kessenich, PLC**
**Post Office Box 5350**
**Convington, LA 70434-5350**
**(985) 871-0800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Core & Main, LP f/k/a HD Supply Waterworks, Ltd.**

**Michael D. Fisse**
**Patrick B. Fisse**
**Daigle Fisse & Kessenich, PLC**
**Post Office Box 5350**
**Covington, LA 70434-5350**
**(985) 871-0800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **HD Supply Construction, LTD.**

**fPickett, Judge.**

The plaintiff sued numerous defendants seeking to recover damages allegedly caused by the defendants' combined actions when performing road construction. Three defendants filed peremptory exceptions of prescription. Two of those defendants filed declinatory exceptions of vagueness/ambiguity. The trial court sustained the exceptions of prescription and granted judgment in favor of each defendant dismissing the plaintiff's claims against them.

## FACTS

In 2005, Lafayette Consolidated Government (LCG) and the Louisiana Department of Transportation (DOTD) entered into a City-Parish/State Agreement to improve Louisiana Highway 339 (Verot School Road) and drainage in areas adjacent to the highway (the Project). RMD Holdings, Ltd. (RMD) contracted with DOTD to implement the Project on August 11, 2011. To facilitate the Project, areas outside the Project were used for storing materials used on the Project.

Early in the Project, LCG representatives received complaints from citizens living in neighborhoods adjacent to the Project that heavy construction traffic associated with deliveries of supplies and materials for the Project was creating dust and noise and damaging five roads in their neighborhoods. LCG owns these five roads and investigated the citizens' complaints. Its investigation verified that the heavy construction traffic was damaging the roads at issue (the Damaged Roads), such that one of its representatives described them as "falling apart."

After completion of the Project in April 2015, DOTD returned to LCG the operation and maintenance of Verot School Road, together with the ownership, operation, and maintenance of other improvements it made along the road,

including intersections, sidewalks, and medians within the Project area. DOTD also transferred ownership of specified rights-of-way that it acquired to facilitate the Project. In August and December 2015, LCG surveyed the Damaged Roads to determine the severity of the damages caused by the construction traffic. On May 23, 2016, LCG filed suit against RMD, seeking reparation for the cost of repairing the Damaged Roads. Thereafter, LCG filed a first supplemental and amended petition for damages in 2019, naming thirty-seven additional defendants, which include Angelle Concrete Group, LLC (Angelle); Core & Main f/k/a HD Supply Waterworks, Ltd. (Core & Main); and HD Supply Construction, Ltd. d/b/a HD Supply Construction & Industrial-White Cap (HD Supply).

Angelle, Core & Main, and HD Supply (these Defendants) filed peremptory exceptions of prescription, asserting that any possible claims LCG had against them prescribed before LCG named them as defendants in 2019. Angelle asserted that it delivered ready-mix concrete to RMD for the Project from June 2012 to August 2012. Core & Main argued that purchase orders LCG produced in discovery showed that it provided products or services to RMD from January 12, 2012 through September 11, 2013. HD Supply alleged that it delivered steel reinforcement bars for concrete foundations to the Project during the period of February 2013 through September 2014. Accordingly, these Defendants argued that any claims LCG had against them prescribed before 2019.

Angelle and HD Supply also filed declinatory exceptions of vagueness/ambiguity in which they alleged that LCG's allegations in its original and first amending and supplemental petitions do not contain facts specifying their involvement in the Project and how they damaged the Damaged Roads. They

2

further alleged that LCG's allegations are insufficient to show they are jointly liable with RMD.

After conducting hearings on the exceptions, the trial court sustained the exceptions of prescription and dismissed LCG's claims against these Defendants. The trial court did not address Angelle's and HD Supply's declinatory exceptions in its ruling or in its judgments dismissing these Defendants from this litigation. LCG appealed the judgments in favor of these Defendants.

## ASSIGNMENTS OF ERROR

LCG assigns four errors with the trial court's judgments dismissing its claims against Angelle, Core & Main, and HD Supply:

1. The trial court erred in sustaining the Appellees' [p]eremptory [e]xceptions of [p]rescription because the timely filed Original Petition for Damages and the First Supplemental and Amended Petition properly alleged joint liability.

2. The trial court erred in sustaining Appellees' peremptory exceptions of prescription because Appellant's timely filed Original Petition for Damages interrupted prescription against all joint tortfeasors, including Appellees, for the continuous acts that caused damage to the Damaged Roads.

3. The trial court erred in sustaining Appellees' peremptory exceptions of prescription because knowledge of the damage to the Damaged Roads could not be imputed to Appellant before August[] 2015.

4. The trial court erred in refusing to permit Appellant an opportunity to correct any deficiencies through amendment and supplementation of its Original and First Amended and Supplemental Petition[s] for Damages.

## DISCUSSION

### *Standard of Review*

The applicable standard of review for a trial court's ruling on prescription is determined by the introduction of evidence at the hearing on the exception. *Lee v. Am. Supply Co.*, 18-893 (La.App. 3 Cir. 11/6/19), 283 So.3d 605. If no evidence

was introduced at the hearing, the standard of review is de novo, and the facts alleged in the petition are accepted as true. *Id.* If, however, evidence was introduced at the hearing on the peremptory exception, appellate review of the trial court's findings of fact is governed by the manifest error-clearly wrong standard of review. *Id.* In such cases, if review of the entire record shows those findings are reasonable, an appellate court may not reverse the trial court's findings, even though it would have weighed the evidence differently if it had been sitting as the trier of fact. *Id.* Legal issues regarding interpretation and application of relevant statutes are reviewed de novo. *Stevenson v. Progressive Sec. Ins. Co.*, 19-637 (La. 4/3/20), __ So.3d __.

### *Prescription*

As a general rule, prescription statutes are to be strictly construed against prescription and in favor of maintaining the claim at issue. *Wells v. Zadeck*, 11-1232 (La. 3/30/12), 89 So.3d 1145. Therefore, if a case presents two possible constructions as to prescription, the construction that favors maintaining the claim should be adopted. *Id.* Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La.Civ.Code art. 3462. When the face of the plaintiff's petition indicates that prescription has run, the plaintiff bears the burden of showing the claim has not prescribed. *Stevenson*, __ So.3d __. To defeat the prescription claim, the plaintiff must prove that the prescriptive period was interrupted or suspended. *Tower v. ConocoPhillips Co.*, 19-81 (La.App. 3 Cir. 11/6/19), 283 So.3d 612.

Delictual actions for damages to real property are subject to a liberative prescriptive period of one year, which begins to run "from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."

4

La.Civ.Code art. 3493. Therefore, actual or constructive knowledge triggers prescription for such claims. *Hogg v. Chevron USA, Inc.*, 09-2632, 09-2635 (La. 7/6/10), 45 So.3d 991.

Because it sued these Defendants more than one year after they ceased providing services or materials to the Project, LCG had the burden of proving that its claims against these Defendants were not prescribed. To satisfy this burden, LCG argued that these Defendants and RMD were joint tortfeasors and involved in a continuing tort and that its timely-filed suit against RMD interrupted prescription against these Defendants. Lastly, based on its contracts with DOTD, LCG argued that the knowledge it had of the Damaged Roads and continuing damage early in the Project should not be imputed to it before the April 8, 2015 agreement with DOTD was executed.

### *Continuing Torts and Joint Tortfeasors*

LCG argues that these Defendants and RMD's actions constitute a continuing tort; consequently, its suit against RMD interrupted prescription against these Defendants. "A continuing tort is occasioned by continual unlawful acts." *Crump v. Sabine River Auth.*, 98-2326, p. 10 (La. 6/29/99), 737 So.2d 720, 728. This occurs when the tortfeasor owes a continuing duty to the plaintiff and continually breaches that duty. *Id.* If the operating cause of the injury terminates, so does the tort, even though the damage persists and progressively worsens. *Marin v. Exxon Mobil Corp.*, 09-2368, 09-2371 (La. 10/19/10), 48 So.3d 234.

LCG is correct that the interruption of prescription against one joint obligor is effective against all joint obligors. La.Civ.Code art. 2324. Nonetheless, prescription can only be interrupted during the prescription period. La.Civ.Code art. 3447; *Masters v. Fields*, 27,924, 27,925 (La.App. 2 Cir. 1/24/96), 666 So.2d

5

1333. Accordingly, once prescription has accrued, a claim is extinguished, and cannot be interrupted by suit. *Id.* This is true whether the alleged defendants are joint torfeasors or solidary torfeasors. *Gallagher Bassett Servs., Inc. v. Canal Ins. Co.*, 16-88 (La.App. 1 Cir. 9/16/16), 202 So.3d 1160, *writ denied*, 16-1860 (La. 12/5/16), 213 So.3d 392. Therefore, timely suit against one joint obligor does not interrupt prescription that has run against another joint obligor. *Id. See also S. Cent. Bell Tel. Co. v. Texaco*, 418 So.2d 531 (La.1982).

These Defendants' involvement in the Project ended no later than September 2014. As a result, their alleged breach of any duties they owed to LCG ended at that time, and prescription on LCG's claims against them began to run at that time. Accordingly, LCG's claims against these Defendants prescribed at the end of September 2015, and its suit against RMD in 2016 could not interrupt prescription that had already accrued.

### *Imputed Knowledge*

In its last assignment of error, LCG contends that it cannot be held responsible for not filing suit sooner than it did because, pursuant to the 2005 agreement, it did not have control, or authority of the Damaged Roads until DOTD executed the April 2015 agreement. Our review of the 2005 and 2011 agreements does not substantiate this claim. The agreements outline the improvements DOTD made to a designated portion of Verot School Road as per the 2005 agreement, designated intersections, drainage outfalls, sidewalks, and medians. In accordance with the 2005 agreement, DOTD purchased rights-of-way for the road and drainage improvements. The 2005 agreement does not contain any restrictions on LCG's monitoring or control of the Damaged Roads. In its appellate brief, LCG quotes the phrase "ownership, control, and maintenance" as support for its

argument on this issue. This phrase appears only in the 2011 agreement and refers to rights-of-way DOTD purchased for the Project and the other improvements noted above that DOTD made in conjunction with the construction on the designated portion of Verot School Road.

LCG had knowledge that the Damaged Roads were being damaged by construction traffic early in the Project but failed to take timely action against these Defendants. Accordingly, we find no error with the trial court's judgments sustaining these Defendants' exceptions of prescription and dismissing LCG's claims against them. This conclusion eliminates the need for us to address LCG's last assignment of error.

## FRIVOLOUS APPEAL

Angelle answered LCG's appeal, asserting that LCG's appeal of the trial court's judgment is frivolous and warrants the imposition of a penalty as provided in La.Code Civ.P. art. 2164, which allows for the award of damages and attorney fees for pursuing a frivolous appeal. Being penal in nature, Article 2164 must be strictly construed. *Bailey v. Veolia Envtl. Servs.*, 17-655 (La.App. 3 Cir. 1/31/18), 237 So.3d 525, *writ denied*, 18-636 (La. 8/31/18), __ So.3d __. Appeals are favored, and damages for frivolous appeal should not be awarded unless the appellee shows the appeal was taken solely for the purpose of delay, no serious legal question was raised by the appeal, or the attorney does not seriously believe in the position he advocates. *Id*.

Angelle has not shown that LCG appealed its dismissal from this litigation to delay the proceedings or that its attorneys do not seriously believe in the legal arguments presented herein. Moreover, we find that the appeal presented a serious legal question and deny Angelle's request for damages for frivolous appeal.

## DISPOSITION

For the reasons discussed above, the trial court's judgments granting the peremptory exceptions of prescription filed by Angelle Concrete Group, LLC; Core & Main f/k/a HD Supply Waterworks, Ltd.; and HD Supply Construction, Ltd. d/b/a HD Supply Construction & Industrial-White Cap and dismissing Lafayette Consolidated Government's claims against them are affirmed. Angelle Concrete Group, LLC's request for damages and attorney fees for frivolous appeal is denied. Costs in the amount of $20,886.52 are assessed to Lafayette Consolidated Government.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.