STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

HAMPTON F. CAMPBELL, ET AL.

VERSUS

PROGRESSIVE LAND CORPORATION, ET AL.,

**13-1166**

HAMPTON F. CAMPBELL, ET AL.

VERSUS

PROGRESSIVE LAND CORPORATION, ET AL.

**\*\*\*\*\*\*\*\*\*\*
APPLICATION FOR SUPERVISORY WRIT OF CERTIORARI
AND ON APPEAL
FROM THE FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, DOCKET NOS. 12-95805 and 12-97089
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

**AFFIRMED**.

Jeffery Ackermann
Durio, McGoffin, Stagg & Ackermann
P.O. Box 51308
Lafayette, LA  70505
(337) 233-0300
**Attorney for Appellee, Jean-Jacques Campbell**


Daniel M. Landry, III
P.O. Box 3784
Lafayette, LA  70502
(337) 237-7135
**Attorney for Appellee, Hampton F. Campbell**

W.J. Riley, III
P.O. Box 509
Jennings, LA  70546
(337) 824-9158
**Attorney for Appellant, Peggy R. Campbell**


R. Chadwick Edwards, Jr.
Edwards & Bellaire, LLC
P.O. Box 217
Abbeville, LA  70511-0217
(337) 893-2884
**Attorney for Appellants Geraldine I. Campbell, Jeffery L. Campbell, And D&T Crawfish, LLC**

**Cooks, J.**

## FACTS AND PROCEDURAL HISTORY

Progressive Land Corporation (the Corporation), a family owned enterprise, owns a certain amount of farmland leased to a crawfish farmer, D&T Crawfish, LLC (D&T). Hampton F. Campbell (Hampton) was the President of the Corporation and Jean-Jacques Campbell (Jean-Jacques) was the Secretary. Together they owned fifty percent of the corporation. Hampton farmed the land for many years. The owners of the Corporation became embroiled in protracted litigation involving numerous legal matters. Peggy R. Campbell (Peggy), one-time Treasurer of the corporation, Jeffery L. Campbell (Jeffery), and Geraldine I. Campbell (Geraldine) were also stock holders, and parties to the litigation which is the substance of this consolidated appeal and writ.

Hampton and Jean-Jacques alleged Peggy wrongfully entered into a lease between the Corporation and D&T because she was not an officer of the Corporation when she signed the crawfish lease with D&T, and had no approval and no authority from the Board of Directors to make such a lease with anyone. The corporate bylaws provided that only the President and Secretary could sign a lease for the Corporation. Thus, they asserted, the lease was not valid and not binding on the Corporation. Additionally, Plaintiffs Hampton and Jean-Jacques alleged that the Board of Directors was deadlocked and unable to conduct the business of the Corporation and therefore a Receiver must be appointed to make determinations for the Corporation. They also asserted misuse of corporate funds. Geraldine intervened in the lawsuit and asserted a revocatory action to annul the D&T Crawfish lease and sought to bring a shareholder derivative action against the corporation.

Trial was had on numerous motions and exceptions filed by the parties and during the course of the trial all of the parties reached a compromise agreement on

how to resolve their disputed claims. During the trial the court declared the crawfish lease invalid based on its finding that the evidence showed Peggy had no authority to make such a lease agreement with anyone. After that ruling, the parties chose to end the litigation by a compromise agreement. In accordance with the compromise agreement the trial court appointed Mr. Paul Deballion Receiver. The parties agreed to terminate the seven-year crawfish lease at the end of 2013, and allow the Corporation to manage its property through the most profitable/suitable means decided by the Corporation. As a result of the compromise agreement, many claims raised by the various parties were dismissed, including all claims raised by Geraldine, Hampton, Peggy and Jeffery. Everyone was present in court, represented by counsel, and on the record, stated under oath, that they agreed to the compromise agreement.

Geraldine's attorney submitted a proposed written judgment purportedly based upon the compromise agreement. The attorneys for Jean-Jacques and Hampton objected to Geraldine's proposed written judgment, asserting it did not accurately reflect the terms of the compromise agreement made on the record. They specifically noted that the proposed judgment did not include the release of all of Geraldine's claims asserted in the suit. The trial court reviewed the written transcript of the compromise agreement and composed a Judgment which included the release of all of Geraldine's claims. The trial court also deleted a paragraph from the proposed judgment, by making an "X" through it, which provided:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with respect to the question of the validity of the lease between Progressive Land Corporation and D&T Crawfish, L.L.C., a hearing shall take place on the validity of the lease in Acadia Parish on November 5, 2012, at 10:00 a.m., where all parties and D&T shall have the opportunity to address the validity of the lease including and the Receiver's determinations and/or recommendations relating to said lease. For the sole purpose of this hearing D&T Crawfish,

2

L.L.C., agrees to submit to the jurisdiction of this court and said proceeding to determine the validity of its lease.

After the parties received the Judgment in writing, a Motion to Amend the Judgment or for New Trial was filed by Jeffery, Peggy and Geraldine. The trial court denied the motion. Geraldine filed a Writ attacking the denial of the Motion for New Trial and the Judgment dated August 20, 2013. Jeffery and Geraldine appealed the trial court judgment asserting the trial court wrongly dismissed the derivative action. Although Peggy and D&T are mentioned by the attorney filing the Appellants' brief indicating they are parties to this appeal, it is alleged that neither Peggy nor D&T Crawfish appealed the trial court ruling and that the judgment below is final as to them.

## ANALYSIS

On June 14, 2013, a hearing commenced before the Honorable Judge Patrick L. Michot, on the matters subject of this appeal and consolidated writ. The following appearances were made on the record; Daniel M. Landry, III as attorney for Hampton Campbell; Jeffery Ackermann as attorney for Jean-Jacques Campbell; R. Chadwick Edwards as attorney for Jeffery Campbell, Geraldine Campbell, and D&T Crawfish, L.L.C.; W.J. Riley, III as attorney for Peggy Campbell; and Paul N. Deballion, Attorney, Court Appointed Receiver for Progressive Land Corporation. The hearing commenced with the calling of various witnesses and the introduction of documentary evidence. During the course of the hearing, the parties informed the trial court that all parties to the proceedings had reached a compromise agreement which the parties desired be stated on the record. The following agreement was presented to the court:

> MR. ACKERMANN: We can read it to the Court. This is my list, and Mr. Chad's got a list. I think they're the same, but we can make--
>
> MR. EDWARDS: They are the same.

3

MR. ACKERMANN: They're probably in different order and all. But, essentially, what we've agreed to is that the existing crawfish lease, lessee will be allowed to finish his operations throughout the year 2013 according to the same terms as the existing lease. He will have a right of first refusal for the years 2000 –

MR. EDWARDS: Ongoing, the right of first refusal is a recurring situation.

MR. ACKERMANN: Forever?

MR. EDWARDS: Yeah.

MR. ACKERMANN: No, I don't think we agreed to that. We thought it was just for the next year.

MR. EDWARDS: I thought that was the whole thing. I mean, - -

MR. ACKERMANN: No, we can't have a right of first refusal forever.

MR. LANDRY: Can we just have it during the term of the receivership?

MR. ACKERMANN: Well, during the - -

MR. EDWARDS: Well, during the term of the receivership or whatever. I think –

MR. ACKERMANN: Well, no, no, no.

THE COURT: Wait. One at a time.

MR. ACKERMANN: The term of the existing lease.

MR. EDWARDS: Yeah, the term of the existing lease. Yeah, that's fine.

MR. ACKERMANN: So he'll have a right of first refusal to renew on an annual basis for the remaining term of his lease, unless somebody else comes in and offers an agricultural lease program that pays more. But if he meets that or exceeds it, then he can get it.

MR. EDWARDS: Then it's his.

MR. ACKERMANN: Hampton Campbell - -

MR. EDWARDS: The deadline for new offers on the right of first refusal shall be March 1st of each year.

4

MR. ACKERMANN: That's fine. That's right. Hampton Campbell has filed a claim against Peggy Campbell and Jeff Campbell for damages as a result of the D&T lease interfering with his lease. He's agreed that he will reserve that only as a defense to the extent that the receivership and/or Mr. Edwards' clients proceed with a damage action against him.

D&T is going to release its claim that was recently filed against Hampton, Tim, and JJ for their challenging of the lease. Geraldine Campbell is releasing any claims that she has against Tim, Hampton, and JJ with respect to their challenge of the lease and/or the claims that are part of the derivative action.

Paul Deballion is going to select a farm manager and is going to select Mr. Benoit for at least the next year, or while he's a lessee, let's just say that. And Mr. Benoit will serve without compensation to the extent Paul needs him to do anything.

I think we agreed that if Paul changes his mind, that - -

MR. EDWARDS: He's the receiver. I mean, he wants to do it.

MR. ACKERMANN: We agreed that he would not hire a party.

MR. EDWARDS: Yeah, it's agreed that he will not hire anybody from the family, and if at all possible he will get someone who doesn't charge the corporation any money to assist him in managing the farm.

MR. ACKERMANN: And I guess - - And I guess, since you'll probably ask, Your Honor, court costs, we're just all bearing our own court costs.

MR. EDWARDS: I think that's correct, Your Honor, this stipulation will be for this action, which is 95805 as well as 97089, because some of the claims that Mr. Ackermann discussed - - I'm going to say that there's going to be a release of all claims and causes of action, both issue preclusion and res judicata as to issues relating to the lease, which would be the action for eviction, damages against Peggy, Jeff, and/or Jerry [Geraldine] by Hampton, Tim, John-Jacques and PLC, which will be Progressive Land Corporation, damages against Progressive Land, Hampton, Tim, and John-Jacques by D&T Crawfish, LLC, damages against D&T, Progressive Land, Peggy, Jeff, or Jerry by Hampton for his 2012 crop damages except that this may be used as an offset for damage assessment in the derivative action. The derivative action will remain. It is not being dismissed.

MR. ACKERMANN: Well, it would also be an offset to the extent Paul decides to pick up that action on his own.

MR. EDWARDS: Absolutely.

MR. ACKERMANN:  It is not a derivative action.

MR. EDWARDS:  Absolutely.  Well, true.  Any attempt by the corporation to recover sums from Hampton Campbell, he would be authorized to use any crop damage he may have occurred (sic) in 2012 as an offset to that amount.

MR. ACKERMANN:  And then the corporation will just continue in receivership with Mr. Deballion to make determinations as to what's next, other than what we just stipulated to.

THE COURT:  Right.  Anything further?

MR. EDWARDS:  I believe that's it.

MR. LANDRY:  I believe that's it, Judge.

THE COURT:  Thank you, ladies and gentlemen.

MR. ACKERMANN:  You may want to poll the parties, if you don't mind.

THE COURT:  Okay.

MR. ACKERMANN:  They're all here.

THE COURT:  Let's put everyone under oath.

The trial court then placed the following persons under oath and each signified under oath their approval of the recited agreement:  Jeff Campbell, Geraldine Campbell, Peggy Campbell, Jean-Jacques Campbell, Hampton Campbell, Timothy Campbell, and Don Benoit for D&T.  The Court directed Mr. Edwards to draft a Judgment setting forth the compromise agreement, and stated: "[o]nce it's signed by everyone, I'll sign the judgment of dismissal." Subsequently, Mr. Edwards drafted a proposed judgment which was objected to by some of the parties because it did not accurately reflect the compromise agreement made in open court.  The trial judge also agreed that the proposed draft of the judgment was not in conformity with the terms of the compromise agreement made in open court and, after reviewing the transcript of the compromise agreement,

6

drafted a judgment that was signed on August 20, 2013. The judgment reads as follows:

**IT IS ORDERED, ADJUDGED**, and **DECREED** that:

D&T Crawfish, LLC shall be allowed to finish crawfishing operations through 2013. Until the expiration of the D&T Crawfish Lease, D&T Crawfish, LLC shall have an annual right of first refusal, expiring March 1st of each year, unless another party offers a more valuable agricultural lease prior to that date. However, D&T Crawfish, LLC shall have the option to meet or exceed that proposed lease.

Hampton Campbell shall reserve his claim against Peggy and Jeffery Campbell only as a defense to a damage action by the receivership of Progressive, D&T Crawfish, Jeffery Campbell, or Geraldine Campbell.

D&T Crawfish, LLC shall release its claim against Hampton Campbell, Timothy Campbell, and Jean-Jacques Campbell for their challenge to the D&T Crawfish Lease.

Geraldine Campbell shall release any claims she has against Timothy Campbell, Hampton Campbell, and Jean-Jacques Campbell with respect to their challenge of the lease and/or their claims in the derivative action.

Paul Deballion shall select a farm manager, and he shall select Don Benoit for the period in which Benoit is a lessee. Benoit will serve without compensation.

The receiver shall not hire a party to this litigation as farm manager.

The parties shall release all claims and causes of action relating to the lease. This release shall include (1) the action for eviction; (2) damages against Peggy Campbell, Jeffery Campbell, and/or Geraldine Campbell by Hampton Campbell, Jean-Jacques Campbell and Progressive Land Corporation; (3) damages against Progressive Land Corporation, Hampton Campbell, Timothy Campbell, and Jean-Jacques Campbell by D&T Crawfish, LLC; and (4) damages against D&T Crawfish, LLC, Progressive Land Corporation, Peggy Campbell, Jeffery Campbell, or Geraldine Campbell by Hampton Campbell for his 2012 crop damages, except that these damages may be used to offset damage assessment as a result of a derivative action by shareholders in Progressive Land Corporation.

The parties to this suit shall bear their respective court costs.

Notice of signing of judgment in *Hampton Campbell v. Progressive Land Corp. Et al.,* Docket No. 95805, Fifteenth Judicial District Court, Parish of Vermilion, State of Louisiana, was sent by the Vermilion Parish Clerk of Court, Diane Meaux Broussard, on August 29, 2013, to the following: Jeffery Ackermann, W.J. Riley, III, Greg Mier[1], Progressive Land Corp. thru its agent for service, Edward G. Saal, Jr., R. Chad Edwards, Jr., and Daniel M. Landry, III.

Counsel for Jeffery, Peggy, and Geraldine filed a Motion to Amend or For New Trial, asserting that "the Judgment states that the shareholder derivative suit has been compromised notwithstanding the specific language, *The derivative action will remain. It is not being dismissed.*" Movants asserted the shareholder derivative action filed by Geraldine was "unaffected" by the compromise agreement and "was not part of the compromise." Movants further asserted that the judgment signed by the court failed to "succinctly state that the right of first refusal granted to D&T is for the entire term of its existing lease." Thus, movants asked for a new trial "upon the question of the amendment of the judgment."

The motion is date-stamped by the clerk of court September 11, 2013, as is the memorandum and exhibits filed. The trial court denied the motion by Order signed and dated September 6, 2013. This Order is also date-stamped by the Clerk of Court September 11, 2013. On September 23, 2013, Geraldine, represented by Mr. Edwards, filed a Notice of Intention to Apply for Supervisory Writs with the trial court. An order was signed by the trial court dated September 30, 2013, setting a return date for a writ on behalf of Geraldine for October 12, 2013. On October 24, 2013, Jeffery and Geraldine filed a Motion for Devolutive Appeal from the final judgment and denial of the Motion for New Trial. The trial court

---

[1] During the course of these proceedings Mr. Greg R. Mier withdrew from representing Jeffery L. Campbell, and Mr. R. Chad Edwards, Jr. was enrolled as counsel of record for Jeffery L. Campbell.

signed the order for appeal on October 25, 2013. On February 10, 2014, this court granted the writ application filed by Geraldine in Docket No. 95805, Fifteenth Judicial District Court, "for the limited purpose of ordering the consolidation of the writ application with the appeal[.]" *Hampton F. Campbell, Et Al. v. Progressive Land Corporation, Et Al.*, CW 13-1166 (La.App. 3 Cir. 2/10/14).

The record reveals that the Motion for New Trial was properly denied. The Motion for New Trial was not timely filed. The signed judgment was mailed on August 29, 2013. Under the provisions of La.Code Civ.P. art. 1974: "The delay for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." It appears that the Motion for New Trial was delivered to the trial judge before being filed with the Clerk of Court. The motion for new trial is date-stamped by the clerk of court "September 11, 2013," as are the memorandum and exhibits filed therewith. The trial court denied the motion by Order signed and dated "September 6, 2013," but this Order is also date-stamped by the Clerk of Court "September 11, 2013." Louisiana Code of Civil Procedure Article 253(A) requires all pleadings be filed with the Clerk of Court:

> A. All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law. The endorsement of the fact and date of filing shall be made upon receipt of the pleadings or documents by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court.

Under the jurisprudence and the Code of Civil Procedure it is well settled that filing with the clerk of court determines the timeliness of a pleading. In

9

*Johnson v. State Farm Mutual Automobile Insurance Co.*, 241 So.2d 799,801 (La. App. 3 Cir. 1970), citing numerous authorities, we held that "a paper or pleading is not filed when presented to the judge, but only when it is deposited with the Clerk of the Court, for the purpose of making it a part of the records of the case." *Id.* (Citations omitted). *See in accord, Turner v. Marine Inland Transp. Co.*, 06-342 p. 5 (La.App. 5 Cir. 10/31/06), 946 So.2d 185, 187: "A party obliged to file a pleading within a time limitation must ensure actual delivery, since it is the time when the clerk receives actual delivery which determines whether that pleading has been timely filed." (Citations and footnote omitted) Accordingly, the motion for new trial was untimely and we cannot consider the matters sought to be raised therein. Turning to the issue raised on appeal by Appellants, we find there is only one issue appropriate for our consideration,[2] i.e., whether the trial court manifestly erred in drafting the judgment. Reviewing the transcript of the proceedings, and comparing what is stated on the record to the trial court's written judgment, we find the trial court's judgment comports with the provisions of the compromise settlement placed on the record in open court. We further note that the Appellants make assertions in brief to this court attempting to argue the merits of various issues which were being addressed in court when all parties announced to the court that a compromise agreement resolving those issues had been reached. The trial court judgment codified the parties' compromise agreement. The parties cannot be allowed, through the writ or appeal filed herein, to re-litigate issues which have been resolved by the compromise agreement. "A compromise precludes the parties

---

[2] Appellants recite five assignments of error in all, however, assignments of error numbered one through four atempt to address matters which were clearly resolved by the compromise settlement which is res judicata as to all issues resolved therein. Additionally, in reviewing the writ application and the appeal we note that appellants attempt to raise issues in their appeal that were not raised in the Motion for New Trial and are not raised in the writ application.

10

from bringing a subsequent action based upon the matter that was compromised."

La.Civ.Code art. 3080.

> A compromise [ ] carries the authority of things adjudged, and cannot be attacked for error of law or lesion. A compromise may be rescinded whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded where there exists fraud or violence. Public policy favors compromise agreements and the finality of settlements. [*Brown v. Drillers, Inc.*, 93-1019 (La.1/14/94), 630 So.2d 741, 757; *Rivett v. State Farm Fire & Cas., Co.*, 508 So.2d 1356 (La. 1987).]

*Montgomery v. Montgomery*, 11-1223 p. 5 (La.App. 3 Cir. 4/11/12), 87 So.3d 376, 380. (citations omitted)

Even in the untimely filed Motion for New Trial, the stated basis for a new trial was solely the allegation that the written judgment did not comport with the compromise agreement. Appellants attempt to *invalidate* the compromise agreement asserting arguments concerning the very issues resolved in the compromise agreement. The only issue properly presented for review is whether the trial court's judgment reads in accord with the compromise agreement placed in the record in open court. We find that it does, and therefore is *res judicata* as to the issues resolved therein. Appellants do not allege any mistake as to the parties, nor do they assert any act of fraud or violence, and we discern none in the record.

The judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed against Appellants.

**AFFIRMED.**