**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**17-935**


**RAPHEAL GUILLORY, JR.**

**VERSUS**

**R & R CONSTRUCTION, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 16-03817
CHARLOTTE  BUSHNELL, WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


**JOHN D. SAUNDERS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Elizabeth A. Pickett, Judges.


**AFFIRMED.**

**Skylar Comeaux**
**Comeaux, Stephens & Grace**
**Suite 1060, One Lakeway Center**
**3900 North Causeway Boulevard**
**Metairie, LA 70002**
**(504) 831-3747**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Zurich North American Insurance**
**R & R Construction, Inc.**

**Jacqueline K. Becker**
**Michael B. Miller**
**Miller and Associates**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Rapheal Guillory, Jr.**

**Kenneth M. Habetz, Jr.**
**Brandt & Sherman**
**111 Mercury Street**
**Lafayette, LA 70503-2243**
**(337) 237-7171**
**COUNSEL FOR INTERVENORS/APPELLEES:**
**Kenneth M. Habetz, Jr.**
**Brandt & Sherman, LLP**

**SAUNDERS, Judge.**

In this case, we must decide whether the imposition of penalties and attorney fees for Employer's failure to properly tender settlement funds to Employee pursuant to the terms of their settlement agreement is incorrect. We must also decide whether the inclusion of certain statutory language on the settlement checks imposed impermissible conditions on Employee's receipt of the settlement funds contrary to the terms of the settlement agreement.

Employee was injured during the course and scope of his employment. Subsequently, Employee entered into a settlement agreement with Employer, wherein Employer stipulated to the unconditional tender of a lump sum settlement to Employee on or before a specified date. The workers' compensation judge approved the settlement agreement, and it was stated on the record. Thereafter, Employer failed to pay Employee pursuant to the terms of their agreement. Ultimately, Employee filed for a new trial, seeking penalties and attorney fees for Employer's failure to tender settlement funds pursuant to the terms of their settlement agreement. Following a hearing, the workers' compensation judge found in Employee's favor.

Employer now appeals the workers' compensation judge's ruling, alleging two assignments of error. Its argument is that the imposition of penalties and attorney fees for the alleged improper tender of settlement funds is inconsistent with Louisiana Law and that the inclusion of certain statutory language on the settlement checks does not constitute impermissible conditions on Employee's receipt of the settlement funds contrary to the terms of the settlement agreement.

**FACTS AND PROCEDURAL HISTORY:**

On August 23, 2013, Rapheal Guillory ("Employee") was injured in the course and scope of his employment with R&R Construction, Inc., who was

insured by Zurich North America Insurance Company (hereinafter collectively referred to as "Employer"). Initially, Employee received compensation for his injuries, but those benefits were terminated on May 20, 2016. As a result, Employee filed suit against Employer seeking benefits, as well as penalties and attorney fees for termination of his benefits.

Prior to trial, the parties reached a settlement of Employee's workers' compensation claim which was placed on the record on March 8, 2017. Pursuant to the parties' agreement, Employer agreed to pay Employee a lump sum in full and final settlement of his claims no later than March 24, 2017.

On March 27, 2017, Employer's counsel untimely hand-delivered to Employee's counsel a Receipt and Release, a Joint Motion and Order of Dismissal, and two checks totaling $225,930.04. The checks contained certain statutory language that allegedly imposed impermissible conditions on Employee's receipt of the settlement funds, which was not part of the settlement agreement between the parties. The expenses totaling $2,224.40, a portion of the settlement agreement, was not delivered until March 30, 2017, and was made payable to Miller and Associates with the same conditional language. Thereafter, Employee's counsel sought permission from Employer's counsel to either scratch through the conditional language so that the checks could be endorsed and deposited, or to return the checks so that they could be reissued without the conditional language. Employer's counsel responded that he did not have the authority to do either.

On April 17, 2017, Employer filed a Motion to Enforce Settlement Agreement and Motion for Penalties and Attorney fees which was heard on May 4, 2017. Following a hearing, the workers' compensation judge found that Employer's tender of settlement funds was neither timely nor unconditional.

2

However, because the amount of penalties awarded could not be determined on the face of the judgment, Employee filed motion for a new trial on June 29, 2017, which was heard on July 24, 2017. Following a hearing, the workers' compensation judge signed an amended judgment which included penalties and attorney fees for Employer's failure to properly pay settlement funds.

Employer timely filed a motion for suspensive appeal, seeking reversal of the amended judgment signed July 24, 2017. Pursuant to that motion, Employer is presently before this court alleging two assignments of error. Employee timely filed an answer to this appeal alleging one assignment of error, seeking an increase in the award of attorney fees.

**EMPLOYER'S ASSIGNMENTS OF ERROR:**

1. The Trial Court's Decision to Impose Penalties and Fees was inconsistent with Louisiana Law.

2. The Defendants made no conditions on tender of payment of the settlement.

**EMPLOYEE'S ASSIGNMENT OF ERROR:**

1. The workers' compensation judge erred in only awarding $3,000.00 in attorney's fees when the penalty awarded was $54,733.06 pursuant to La. R.S. 23:1201(G).

**EMPLOYER'S ASSIGNMENT OF ERROR NUMBER ONE:**

In its first assignment of error, Employer contends that the workers' compensation judge erred in finding that the imposition of penalties and attorney fees was warranted for its alleged failure to properly tender settlement funds to Employee pursuant to the terms of their settlement agreement. We find no merit to this contention.

"[T]he determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact,

and 'subject to the manifest error/clearly wrong standard of review.'" *Reed v. Abshire*, 05-744 p.4 (La.App. 3 Cir. 2/1/06), 921 So.2d 1224, 1226.

Pursuant to the amended judgment signed July 24, 2017, the workers' compensation judge's finding that Employer's failure to timely tender settlement funds pursuant to the terms of its settlement agreement with Employee warranted the imposition of penalties and attorney fees was proper.

Louisiana Civil Code Article 3071 provides: "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

Parties can agree to any terms in settling a case provided it is not against a public policy of this state and provided it would not cause deleterious effect on the public. *In re: Katrina Canal Breaches Litigation*, 10-1823 (La. 5/10/11), 63 So.3d 955, 962. "Public policy favors compromise agreements and the finality of settlements." *Campbell v. Progressive Land Corp.*, 14-559, 13-1166, p. 11 (La.App. 3 Cir. 12/30/14), 158 So.3d 157, 164 (quoting *Montgomery v. Montgomery*, 11-1223, p. 5 (La.App. 3 Cir. 4/11/12), 87 So.3d 376, 380).

Louisiana Revised Statute 23:1201(G) (emphasis added) governs the payment of a final nonappealable judgment under Louisiana Workers' Compensation Law and provides for penalties and attorney fees as follows:

> **If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid,** whichever is greater, which shall be paid at the same time as, and in addition to, such award, **unless such nonpayment results from conditions over which the employer had no control**. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

4

In *Barrios v. Lambar, Inc.*, 07-2070, p. 5 (La.App. 1 Cir. 5/2/08), 991 So.2d 464, 467 (emphasis added), the first circuit noted:

> Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature, and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. *Trahan v. Coca Cola Bottling Company United, Inc.*, 2004-0100 (La.3/2/05), 894 So.2d 1096, 1108. While the benefits conferred by the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. *Trahan v. Coca Cola Bottling Company United, Inc.*, 894 So.2d at 1108. Thus, LSA-R.S. 23:1201(G) is a penal statute which must be strictly construed. *Smith v. Quarles Drilling Company*, 2004-0179 (La.10/29/04), 885 So.2d 562, 566. **Notably, the application of LSA-R.S. 23:1201(G) concerns an employer's obligation, which arises neither because of a plaintiff's accident nor because of plaintiff's prior employment with an employer, but rather because of the employer's conduct after a final judgment.** See *McCoy v. KMB Transport, Inc.*, 98-1018 (La.App. 1st Cir.5/14/99), 734 So.2d 886, 890, *writ denied*, 99-2295 (La.11/24/99), 750 So.2d 986.

In the instant matter, our review of the record reveals that the parties contractually agreed to shorten the time within which settlement funds were due, that agreement was approved by the workers' compensation judge, was placed on the record, and became final. There is nothing against public policy that prevents parties from shortening the time in which a workers' compensation insurance carrier must pay a judgment. Rather, public policies are in place to prevent corporations and insurance companies from taking advantage of injured workers and unsophisticated persons. Notably, LSA-R.S. 23:1201(G), which is penal in nature, concerns an obligation that arises because of the employer's conduct after a final judgment.

Here, the parties agreed to a deadline upon which settlement funds were payable, effectively amending the provisions of La.R.S. 23:1201(G). If there was no penalty or ramification for not complying with the agreement, that portion of the settlement agreement would be meaningless and unenforceable. As such, the

workers' compensation judge did not err in imposing penalties and attorney fees for Employer's untimely tender of settlement funds, as the parties contractually agreed to shorten the time in which settlement funds were due, the agreement was not against public policy, the agreement was approved by the workers' compensation judge, was placed on the record, and became final. Further, Employer was aware of the ramifications for failure to timely tender settlement funds prior to agreeing on a specified date to do so, and the failure to do so was not the result of a condition Employer had no control over.

The court notes Employee might as easily have agreed that Employer be given more than thirty days to comply with its obligation. Had this been done, following Employer's reasoning, the Employee might have claimed penalties for Employer's failure to pay within thirty days even though they had agreed to an extension. Clearly, this would be unconscionable. It is clear that the purpose of the law is best served by enforcing such modifications to the time period as the parties may choose. Accordingly, we affirm the judgment imposing penalties and attorney fees.

**EMPLOYER'S ASSIGNMENT OF ERROR NUMBER TWO:**

In its second assignment of error, Employer contends that the workers' compensation judge erred in finding that certain statutory language printed on the settlement checks imposed impermissible conditions on Employee's receipt of the settlement funds. We find no merit to this contention.

When an issue raised on appeal posits a question of law, the standard of review is de novo wherein the appellate court determines whether the lower court was legally correct. *Tran v. Williams,* 10-1030 (La.App. 3 Cir. 2/9/11), 56 So.3d 1224.

Pursuant to the amended judgment signed July 24, 2017, the workers' compensation judge's finding that the settlement checks issued by Employer contained certain statutory language that imposed impermissible conditions on Employee's receipt of the settlement funds, contrary to the settlement agreement between the parties, was proper.

The settlement checks contained the following language on the back of the checks, including the check for expenses made payable only to Employee's attorneys, Miller and Associates:

> "I understand that endorsement hereon or deposit to my accounts constitutes my affirmation that I am receiving these benefits under this State's Workers' Compensation Act; that circumstances affecting my entitlement have not changed, and I have made no false claims or statements or concealed any material fact, and that doing so could make me liable for civil and criminal penalties including jail."

In *Trahan v. John F. Reggie, Inc.*, 98-295, p. 4 (La.App. 3 Cir. 10/7/98), 720 So.2d 95, 97 relative to the defendant's refusal to allow the plaintiff to negotiate checks paid pursuant to a consent judgment without first signing a satisfaction of judgment, this court held: "As a judgment debtor, [the insurer] was obligated to unconditionally tender payment of the judgment, as required by law. . .[,]" whether the judgment is reached by consent or is a considered one. In *Trahan*, this court further held that because the negotiation of the funds was conditioned upon the plaintiff executing the satisfaction of judgment, the tender was not unconditional and awarded penalties and attorney fees.

An unconditional tender has been defined as having "no strings attached." Mallet v. McNeal, 05-2289, 05-2333, p. 8 (La. 10/17/06), 939 So.2d 1254, 1259; Richardson v. GEICO Indemn. Co., 10-0208 p. 15 (La.App. 1 Cir. 9/10/10), 48 So.3d 307, 316, writ denied, 10-2473 (La. 12/17/10), 51 So.3d 7.

7

In the instant matter, our review of records reveals that the settlement checks issued by Employer contained certain statutory language that was not previously agreed upon between the parties. Employer admitted this at the hearing on May 4, 2017, and, as of the date of the hearing, over fifty-eight days had elapsed since Employer had issued the checks to Employee, and Employer had still not given Employee permission to scratch through the language in order to endorse and deposit the checks, and/or to return the checks so that they could be reissued without the language. A judgment debtor is obligated to unconditionally tender payment of the judgment, as required by law, whether judgment is by consent or is a considered one. Employer suggests that certain statutory language included on the back of the settlement checks was nothing more than a restatement of the law set forth in La.R.S. 23:1208. However, if that were the case, there would have been no reason for Employer to include the language and force Employee to sign acknowledging the statement, there would have been no reason for Employer not to allow Employee to scratch through the language so that the checks could be endorsed and deposited, and/or there would have been no reason for Employer not to allow Employee to return the checks so that they could be reissued without the language. As such, the workers' compensation judge did not err in finding that certain statutory language on the settlement checks imposed an impermissible condition on Employee's receipt of the settlement funds. Accordingly, we find no merit to this assignment of error.

**EMPLOYEE'S ASSIGNMENT OF ERROR NUMBER ONE:**

In his single assignment of error, Employee alleges that the workers' compensation judge erred in awarding only $3,000.00 in attorney fees when the penalty awarded was $54,733.06. We find no merit to this contention.

An appellate court reviews the workers' compensation judge's decision to award penalties and attorney fees using the manifest error or clearly wrong standard of review. *Ducote v. La. Indus., Inc.*, 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843. An award of attorney fees and penalties will not be reversed, however, absent an abuse of discretion. *Kinard v. New Iberia Wastewater Treatment Facility*, 12-1393 (La.App. 3 Cir. 4/3/13), 116 So.3d 5.

In *McCarroll v. Airport Shuttle, Inc.*, 00-1123, p.9 (La. 11/28/00), 773 So.2d 694,700, the Supreme Court stated:

> The amount [of statutory attorney fees] awarded rests within the discretion of the workers' compensation judge, as long as that amount is supported by the record. Some of the factors taken into account by the judge in fixing the amount of the fee are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the employee, and the amount of time the attorney devoted to the case.

Pursuant to the amended judgment signed July 24, 2017, we agree with the workers' compensation judge's finding that Employee is entitled to $3,000.00 in attorney fees for the prosecution of this claim given that his attorney refused to allow him to accept an unconditional tender and recovered a large penalty due to Employer's refusal to cooperate. Accordingly, we affirm the judgment awarding attorney fees in the amount of $3,000.00.

**ANCILLARY MATTER:**

In brief, Employee requests additional attorney fees for work done on appeal. We grant this request.

"Generally, when an award for attorney fees is granted at a lower court level, additional attorney fees are proper for work done on appeal. This is to keep the appellate judgment consistent with the underlying judgment." *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170.

In the instant matter, our review of the record reveals that work performed on appeal suggests that $5,000.00 in attorney fees is reasonable. Accordingly, we grant this request and award Employee $5,000.00 in additional attorney's fees for work done on this appeal.

## CONCLUSION:

R&R Construction, Inc. and Zurich North America Insurance Company raise two assignments of error. We find that the workers' compensation judge properly imposed penalties and attorney fees for R&R Construction, Inc. and Zurich North America Insurance Company's failure to timely tender settlement funds pursuant to the terms of its settlement agreement with Rapheal Guillory, Jr. Thus, we affirm the judgment imposing penalties and attorney fees for R&R Construction, Inc. and Zurich North America Insurance Company's improper payment of settlement funds.

Raphael Guillory raised one assignment of error. We find that the workers' compensation judge properly awarded attorney fees in the amount of $3,000.00. Thus, we affirm the judgment awarding attorney fees in the amount of $3,000.00. Further, we award Employee $5,000.00 in attorney fees for work performed by his attorney on this appeal.

Costs of these proceedings are assessed to R&R Construction, Inc.

**AFFIRMED.**