# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-773


WALTER ZINN

VERSUS

ZAGIS, USA, LLC


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT 03
PARISH OF CALCASIEU, NO. 16-04400
DIANNE MARIE MAYO, WORKERS' COMPENSATION JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Candyce G. Perret, Judges.


**AFFIRMED. DAMAGES FOR FRIVOLOUS APPEAL DENIED.**

**Michael B. Miller**
**Jacqueline K. Becker**
**Miller & Associates**
**P.O. Box 1630**
**311 N. Parkerson Ave.**
**Crowley, LA 70526**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Walter Zinn**

**Matthew William Tierney**
**Kristine D. Smiley**
**Tierney and Smiley, LLC**
**3535 S. Sherwood Forest Blvd., Suite 233**
**Baton Rouge, LA 70816**
**(225) 298-0770**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Zagis, USA, LLC**
    **Bridgefield Casualty Insurance Company**

**GREMILLION, Judge.**

In this workers' compensation matter, the employee, Walter Zinn, appeals the decision of the Workers' Compensation Judge (WCJ) that declined an award of penalties and attorney fees. Mr. Zinn sought penalties and attorney fees after his claim was settled and his employer, Zagis, USA, LLC, and its insurer, Bridgefield Casualty Insurance Company (hereafter "Zagis"), forwarded two settlement checks containing conditional endorsements. Zagis answered the appeal and seek damages for Mr. Zinn filing a frivolous appeal. For the reasons that follow, we affirm the decision of the WCJ and decline to award damages for a frivolous appeal.

## FACTS

Mr. Zinn allegedly sustained an eye injury in 2016 while employed by Zagis. Zagis agreed to pay Mr. Zinn $40,000.00 to settle the claim. The WCJ approved the settlement. The settlement checks forwarded to Mr. Zinn's attorney contained the following language on the backs of each:

> **Notice to Injured Workers Being Paid Disability or Supplemental Benefits**
> By endorsing this check, I certify that I have not worked for or earned wages from any business or individual during the period covered by this check, or that I have reported any earnings to the employer/carrier paying me workers' compensation benefits. I understand that making a false statement by endorsing this benefit check may result in civil or criminal penalties.

Mr. Zinn's attorney received these checks and held them until she filed a motion for penalties and attorney fees based upon Zagis's failure to unconditionally tender the amount due under the settlement.

The WCJ set the matter for hearing, at which Mr. Zinn introduced documentary evidence. Zagis put Mr. Zinn on the witness stand. Mr. Zinn testified that he did not want to endorse the checks with the endorsement because he had worked and earned wages after his injury.

Counsel for Zagis, Mr. Tierney, sought to call Mr. Zinn's attorney, Ms. Becker, as a witness, and she objected. The WCJ set the issue of Ms. Becker's testimony for a contradictory hearing. In that hearing, the WCJ allowed Zagis to call Ms. Becker and limited the questioning of her to the issue of her knowledge regarding whether she or her client could strike through the conditional endorsements and negotiate the checks.

Ms. Becker's testimony established that Mr. Zinn's case was not the only one resolved through mediation between her and Mr. Tierney. Another claim had been resolved the same day, and the settlement checks from that matter contained the same conditional endorsement. In that matter, Ms. Becker had contacted Mr. Tierney, who obtained permission for Ms. Becker to strike through the conditional endorsement and negotiate the checks. In Mr. Zinn's case, though, no such call was placed.

The WCJ denied Mr. Zinn's claim for penalties and attorney fees, distinguishing this court's decision in *Guillory v. R & R Construction, Inc.*, 17-935 (La.App. 3 Cir. 3/14/18), 241 So.3d 450, *writ denied*, 18-581 (La. 6/1/18), 243 So.3d 1061, in which Ms. Becker had prevailed in a claim for penalties and attorney fees because the settlement checks forwarded to her client contained conditional endorsements that were deemed inappropriate.

This appeal followed, in which Mr. Zinn assigns the following assignments of error:

1. The workers' compensation judge erred in failing to address Zagis USA, LLC's liability for submitting a conditional settlement payment.

2. The workers' compensation judge erred in finding that Ms. Becker, Mr. Zinn's attorney, owed a duty to inform Zagis that the check was conditional.

2

3. The workers' compensation judge erred in not accepting the testimony of Mr. Zinn.

4. It was error for the workers' compensation judge to fail to award penalties and attorney fees.

## ANALYSIS

Penalties and attorney fees for failing to pay a judgment in workers' compensation matters are governed by La.R.S. 23:1201(G), which provides:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

In *Guillory*, 241 So.3d 450, this court affirmed the assessment of penalties and attorney fees to an employee to whom settlement checks had been delivered that contained conditional endorsements. The employee's attorney[1] "sought permission from Employer's counsel to either scratch through the conditional language so that the checks could be endorsed and deposited, or to return the checks so that they could be reissued[.]" *Id.* at 453. Counsel's request was refused by the employer's attorney. The employee then sought to enforce the settlement and penalties and attorney fees in a motion filed with the WCJ, who granted the employee's relief.

In affirming the award of penalties and attorney fees, we found no error in the WCJ's decision because over eighty-five days had elapsed with the employer not granting permission to strike through the offending language, and that the WCJ "did not err in finding that certain statutory language on the settlement check did imposed

---

[1] The employee in *Guillory* was represented by Ms. Becker.

an impermissible condition on Employee's receipt of the settlement funds." *Id.* at 456.

*Guillory* is distinguished from the present matter. The employee sought permission to strike through the objected-to language in *Guillory* and did not in this matter. Indeed, in the case at bar, counsel mediated and resolved two separate cases. The settlement checks in both cases contained the same conditional endorsements. In the first instance, Ms. Becker obtained permission to strike through the endorsements, yet she did not seek permission in the present matter.

Mr. Zinn argues that the WCJ imposed on his attorney a duty to inform Zagis's counsel that the endorsement was present on the check in refusing to impose penalties and attorney fees because his attorney did not seek permission to strike through the endorsement. We disagree. Louisiana's workers' compensation laws have a three-fold purpose:

(1) To provide for the timely payment of temporary and permanent disability benefits to all injured workers who suffer an injury or disease arising out of and in the course and scope of their employment[;]

(2) To pay the medical expenses that are due to all injured workers[;]

(3) To return such workers who have received benefits pursuant to this Chapter to the work force.

La.R.S. 23:1020.1(B). The purpose enunciated by the legislature does not include penalizing employers. "Awards of penalties and attorney fees in workers' compensation cases are essentially penal and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers." *Ortega v. Cantu Servs., Inc.*, 19-202, p. 9 (La.App. 3 Cir. 10/23/19), 283 So.3d 1024, 1032. The checks were forwarded by Mr. Tierney to Ms. Becker by correspondence dated January 17, 2019, three days after the WCJ approved the settlement. Compensating Mr. Zinn is the paramount concern of the workers' compensation

4

regime and picking up the phone and getting permission to strike through the objected-to language—as was done for the other client—was the most expeditious means of achieving that goal.

Lastly, Mr. Zinn argues that the WCJ erred in not accepting his testimony. We consider this to be of no moment. Whether Mr. Zinn worked or not or feared endorsing the check does not alter the fact that he could have easily verified that he was permitted to strike through the language that he objected to.

Zagis argues that Mr. Zinn should be assessed with damages for filing a frivolous appeal. Awards for pursuing a frivolous appeal are governed by La.Code Civ.P. art. 2164, which provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

This court has previously observed, "An award for damages for frivolous appeal is warranted 'when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates.'" *Blanchet v. Boudreaux*, 15-60, p. 13 (La.App. 3 Cir. 8/19/15), 175 So.3d 460, 469, *writ denied*, 15-2156 (La. 1/25/16), 185 So.3d 749 (quoting *State Farm Mut. Automobile Ins., Co. v. Callahan*, 571 So.2d 852, 854 (La.App. 3 Cir. 1990), *writ denied*, 576 So.2d 51 (La.1991)). We approach demands for damages for frivolous appeals mindful that appeals are favored, and damages for exercising one's right to an appeal should only be awarded when they are *clearly* appropriate. *Bailey v. Veolia Envtl. Servs.*, 17-655 (La.App. 3 Cir. 1/31/18), 237 So.3d 525, *writ denied*, 18-636 (La. 8/31/18), ___ So.3d ___.

5

Courts are wary of deeming appeals frivolous to avoid discouraging people from pursuing their rights to appeal. *Id.*

In light of the developing nature of the jurisprudence regarding conditional endorsements to settlement checks in workers' compensation cases, we find no such circumstances in the present matter. We find that a serious legal question has been presented by this appeal: are penalties and attorney fees warranted as a matter of law for including a conditional endorsement on a workers' compensation check? Although we have ruled that they are not warranted as a matter of law, we find that advocating that position is not frivolous in light of the jurisprudence surrounding this issue.

## CONCLUSION

The purpose of workers' compensation includes promptly compensating injured workers, not imposing penalties and attorney fees. In the present matter, the facts establish that this purpose would have been achieved had Mr. Zinn's attorney called and asked for permission to strike through the endorsement he objected to; all holding the checks achieved was to delay Mr. Zinn's compensation. This behavior seems particularly perplexing in light of the fact that his attorney had done this for another client whose case was settled the same day.

Nevertheless, Mr. Zinn's appeal was not frivolous, and damages for frivolous appeal are denied. In all other respects, the judgment of the WCJ is affirmed. All costs of this appeal are taxed to Plaintiff/Appellant, Walter Zinn.

**AFFIRMED. DAMAGES FOR FRIVOLOUS APPEAL DENIED.**